# IN THE COURT OF APPEALS OF IOWA

No. 24-0342
Filed June 18, 2025

**SKYLAR DANTE WILLIAMS-RANKIN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

An applicant for postconviction relief appeals the denial of his application. **AFFIRMED.**

Jacob Heard of Iowa Defenders, PLLC, Clive, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered without oral argument by Chicchelly, P.J., Buller, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

During a fight with his girlfriend in April 2021, Skylar Williams-Rankin both strangled her and fired a gun at her head through a car window. The girlfriend survived, and Williams-Rankin was charged with willful injury causing serious injury and domestic abuse assault by use or display of a dangerous weapon. *See* Iowa Code §§ 708.1, 708.2A(2)(c), 708.4(1) (2021). After a five-day jury trial, the jury found him guilty as charged. The district court imposed prison sentences of ten years and two years, to be served concurrently.

Williams-Rankin later applied for postconviction relief (PCR). In his application, he identified five reasons he believed his criminal counsel provided ineffective assistance: (1) counsel did not allow him to review all discovery produced in his case, (2) counsel did not take depositions, (3) the State produced substantial discovery on the eve of trial, (4) the State never "presented a decent plea offer," and (5) the victim was coerced by the investigating detective. His application proceeded to a one-day trial, where both Williams-Rankin and his criminal counsel testified.

Following trial, the PCR court denied relief, addressing each of his five grounds for PCR. First, the court found Williams-Rankin was given all material information within the police reports and minutes of testimony. Second, the court credited counsel's strategic decision to forgo depositions, finding it reasonable for counsel to conclude that bodycam footage and recorded police interviews had memorialized the victim's version of events, and so any depositions would "do more to prepare the State" for her trial approach than aid the defense. Third, while the State did produce a 25-gigabyte file on the eve of trial, the court found counsel

was able to review all relevant information and none of it "bore any impact" on Williams-Rankin's chosen defense. Fourth, the court explained the State had no duty to offer him a plea deal, and counsel indeed tried to resolve the matter through a plea, so counsel could not be faulted for the State's insistence on trial. Finally, the court reasoned there was no merit to Williams-Rankin's concerns over victim coercion, as counsel specifically pressed the investigating officer on his "efforts to sway" the victim during cross-examination at trial. Thus, because counsel did not breach any essential duty, nor could Williams-Rankin show any prejudice, the PCR court denied his application. *See generally Strickland v. Washington*, 466 U.S. 668, 690 (1984).

On appeal, Williams-Rankin abandons the issues litigated below and argues for the first time that his counsel provided ineffective assistance by (1) failing to move for sanctions to exclude the late-produced evidence, and (2) failing to discuss waiving speedy-trial rights in light of the late-produced evidence. Yet neither of these grounds were ruled on by the PCR court, which precludes appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (requiring issues "be both raised and decided by the district court before we will decide them on appeal").

Williams-Rankin nevertheless urges us to reach the merits, arguing that these issues were adequately explored below. While his criminal counsel was indeed briefly questioned during the PCR trial about waiving speedy trial or other responses to the State's late disclosure, the PCR court did not consider these specific allegations and thus never ruled on either theory of ineffective assistance. After the PCR court's decision, Williams-Rankin did not move under rule 1.904(2)

to obtain a ruling on either issue. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). Because failing to file a particular motion or advise a defendant of his constitutional rights are materially different breach allegations than those ruled on by the PCR court, we are left without a ruling to review. Consequently, reaching these issues for the first time would exceed our lawful scope as an appellate court.

Finding no error preserved for appellate review, we affirm the PCR court.

**AFFIRMED.**